**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11   MARSHALL LOSKOT,                          No. C-13-00594 DMR

12              Plaintiff(s),                  **ORDER TRANSFERRING CASE TO
                                               THE EASTERN DISTRICT OF
13        v.                                   CALIFORNIA**

14   MJK PROPERTIES INC,

15              Defendant(s).
     _____/
16

17        According to Plaintiff's complaint, the incident that forms the basis of his complaint took

18   place in Vallejo, California, in Solano County, and Plaintiff lives in Platina, California, in Shasta

19   County.  Based on Plaintiff's allegations, it appears that the proper venue for this case is the Eastern

20   District of California because that is where "a substantial part of the events or omissions giving rise

21   to the claim occurred."  28 U.S.C. § 1391(b)(2).[1]

22   _____

23        [1] In his Complaint, Plaintiff states that he is filing under 42 U.S.C. § 12101, *et seq*. and alleges
     that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331.  Pursuant to 28 U.S.C. §
24   1391, a case in which jurisdiction is not based solely on diversity of citizenship may be filed only in:

25              (1) a judicial district in which any defendant resides, if all defendants are
                residents of the State in which the district is located; (2) a judicial district in
26              which a substantial part of the events or omissions giving rise to the claim
                occurred, or a substantial part of property that is the subject of the action is
27              situated; or (3) if there is no district in which an action may otherwise be
                brought as provided in this section, any judicial district in which any defendant
28              is subject to the court's personal jurisdiction with respect to such action.

United States District Court

For the Northern District of California

1    When a plaintiff files his or her case in the wrong district, the court must either dismiss the

2    case or transfer it to the District Court in the correct district.  *See* 28 U.S.C. § 1406(a).  On February

3    28, 2013, the court issued an Order to Show Cause why the case should not be transferred to the

4    Eastern District of California and ordered Plaintiff to show legal authority for venue in this district

5    by no later than March 12, 2013.  On March 4, 2013, Plaintiff's counsel filed a statement explaining

6    that he had mistakenly filed this action in the Northern District, and that he meant to file the action

7    in the Eastern District of California, Sacramento Division.  [Docket No. 6.]  Accordingly, this court

8    orders that this action be TRANSFERRED to the Eastern District of California.[2]

9

10    IT IS SO ORDERED.

11

12    Dated: March 7, 2013



13    _____
       DONNA M. RYU
14    United States Magistrate Judge

15

16

17

18

19

20

21

22

23   _____

24    28 U.S.C. § 1391(b).

25    [2] On March 6, 2013, Plaintiff filed a consent to proceed before a United States Magistrate Judge
      pursuant to 28 U.S.C. § 636.  To the extent that this order may be dispositive, the court does not require
26    the consent of Defendants because Defendants have not been served and therefore are not parties under
      the meaning of 28 U.S.C. § 636(c).  *See Ornelas v. De Frantz*, No. 00-1067 JCS, 2000 WL 973684, at
27    *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate
      judge had jurisdiction to dismiss prisoner's civil rights action without consent of defendants because
28    defendants had not been served yet and therefore were not parties)).